**LOEVY & LOEVY**
David B. Owens, State Bar No. 275030
*david@loevy.com*
Jon Loevy
*jon@loevy.com*
Steven Art
*steve@loevy.com*
Alison R. Leff
*alison@loevy.com*
311 N Aberdeen St, 3rd Fl
Chicago, IL 60607
(312) 243-5900

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
Michael D. Seplow, State Bar No. 150183
*mseplow@sshhzlaw.com*
9415 Culver Blvd #115
Culver City, CA 90232
(310) 396-0731

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO CABANILLAS,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF SOUTH GATE et al.,<br><br>               Defendants. | Case No. 2:24-cv-08027-ODW-BFM<br><br>**JOINT REPORT OF RULE 26(f) SCHEDULING CONFERENCE** |

Under the Court's December 30, 2024 order, ECF No. 96, and Federal Rules of Civil Procedure 16 and 26(f), Plaintiff Gerardo Cabanillas and Defendants the City of South Gate, Lee Jack Alirez, David Pixler, Jonathan Sekiya, Gregory Wells, Martin

Vanlierop, the City of Huntington Park, Cosme Lozano, Anthony Porter, and John Navarrette submit the following joint report of their scheduling meeting, which was held via teleconference on February 21, 2025 with counsel for all represented parties participating.

### I. Synopsis of Principal Issues in Case

Plaintiff alleges that law enforcement officials from the South Gate and Huntington Park police departments framed him for two crimes he did not commit, one involving a robbery, carjacking, kidnapping, and sexual assault; and the other involving a robbery and attempted carjacking and kidnapping. Both crimes occurred in January 1995.

Plaintiff claims the defendants—current and former police officers from the South Gate Police Department and Huntington Park Police Department—coerced the victims into falsely identifying him as their attacker and fabricated police reports and other false evidence implicating him, while at the same time concealing evidence undermining his guilt. Plaintiff also alleges the defendants coerced him into falsely confessing for the crimes, while knowing Plaintiff was innocent. Plaintiff further alleges that the two municipalities are liable for their employees' unconstitutional acts because those acts were caused by unconstitutional policies, entrenched practices, and a failure to train and discipline officers at the police departments.

The undersigned Defendants affirmatively deny any and all claims regarding allegations of "framing" Plaintiff for crimes Plaintiff allegedly did not commit and further affirmatively deny that Defendants coerced alleged victims or anyone else into falsely identifying Plaintiff as a potential suspect.

The undersigned Defendants affirmatively deny fabricating police reports or concealing evidence pertaining to Plaintiff's guilt.

The undersigned Defendants affirmatively deny that Defendants coerced Plaintiff into falsely confessing to criminal acts while having knowledge Plaintiff was in fact innocent.

1    The undersigned Defendants allege that there was probable cause to arrest and detain Plaintiff and that the Individual City Defendants are immune from liability under the qualified immunity doctrine.

The undersigned Defendants further allege that malice was not a factor in the prosecution of Plaintiff for his alleged criminal conduct.  As such, the request for punitive damages is unwarranted. The City defendants deny that they are liable for their employees' alleged unconstitutional acts and further affirmatively deny any policy, custom or practice which was the moving force behind any alleged constitutional violation or deprivation.

**II.    Amendment of Pleadings and Addition of Parties.**

Plaintiff believes he is likely to amend his complaint as discovery progresses. Plaintiff may seek to add parties to the case if, during discovery, he identifies additional officials who violated his constitutional rights.

The undersigned Defendants do not currently anticipate joining or adding parties, but may amend their pleadings in the normal course if it becomes apparent in discovery that additional defenses exist.

**III.    Issues that May Be Determined by Motion**

The City of South Gate anticipates filing a motion to dismiss Plaintiff's *Monell* claim against South Gate, and depending on the parties' ability to negotiate the issue of discovery, also a motion to stay *Monell* discovery while resolution of the motion to dismiss is pending. If that motion to dismiss is denied, South Gate further anticipates (as noted below) filing a motion to bifurcate and stay *Monell* discovery while discovery on Plaintiff's other claims proceed. It is also likely that some or all defendants (and possibly Plaintiff) will file at least partial summary judgment motions once discovery is completed and may file a motion to bifurcate punitive damages. The parties also expect that other typical motions may arise during the lawsuit, such as motions to compel, Daubert motions and motions *in limine*.

### IV. Discovery Plan

The parties do not recommend changes in the timing, form, or requirement for disclosures under Rule 26(a). They have agreed to exchange Rule 26(a)(1) disclosures by February 28, 2025.

Plaintiff anticipates that discovery will be needed on the following subjects: The investigations into the Flores/Maria A. crimes and Sanchez/Lomeli crimes, including the contents of the SGPD and HPPD files on those crimes and communications among the officers who worked on the investigations; the state prosecutors' files related to Plaintiff's prosecution for both crimes; communications among the police officers who investigated the crimes, the prosecutors who charged and prosecuted Plaintiff, and Plaintiff's defense counsel; SGPD's and HPPD's policies and practices in the years leading up to Plaintiff's wrongful conviction, including their training and disciplinary mechanisms; the forensic testing of physical evidence that led to Plaintiff's exoneration; and Plaintiff's damages.

Defendants anticipate discovery will be needed on the following subjects: The undersigned Defendants anticipate conducting written discovery, specifically interrogatories, request for admissions, and document requests (including recorded prison calls made by Plaintiff or other relevant witnesses), to be followed by depositions of Plaintiff and other identified parties and percipient witnesses regarding the arrest, detention, prosecution, and alleged wrongful conviction of Plaintiff. Expert testimony is anticipated, particularly in support of Plaintiff's claims for damages, as well as liability and causation issues as presented by the Plaintiff. The parties do not anticipate any significant discovery management issues. Discovery limits to be in accordance with Local Rules.

The parties anticipate that fact discovery should be completed in 18 months and all discovery should be completed in 26 months.

As noted above, Defendant City of South Gate wishes to stay Monell discovery pending resolution of the City's upcoming motion to dismiss, and if that motion is

unsuccessful, to bifurcate discovery related to Plaintiff's municipal liability claims, and plans, as discussed above, to file a motion requesting bifurcation. Plaintiff opposes bifurcating discovery.

The parties discussed disclosure, discovery, and preservation of electronically stored information, as well as issues about claims of privilege or protection as trial-preparation materials. To address these issues, the parties agreed to confer about a stipulated protective order under Rule 26(c) and to submit a proposed order to the Court for approval.

The parties do not believe any changes are necessary to the limitations on discovery imposed under these rules or by local rule.

The parties conferred about the discovery schedule. The parties anticipate issuing document requests, interrogatories, requests to admit, and third-party document subpoenas to the district attorney's office, among other third parties. They anticipate depositions of Plaintiff, all defendants, Plaintiff's criminal defense counsel, the prosecutors in Plaintiff's criminal prosecution, and third-party fact witnesses including the victims of the crimes for which Plaintiff was convicted and the alternate suspect.

In view of the number of defendants, complexity of issues, and age of the underlying criminal investigation which will make discovery of case materials more challenging, the parties believe fact discovery may take significant time to complete. The parties propose the following discovery schedule:

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) Disclosures | 2/28/25 |
| Deadline to issue initial written discovery requests | 3/28/25 |
| Deadline to join parties | 11/7/25 |
| Deadline to amend pleadings | 11/7/25 |
| Deadline to file discovery motions | 7/3/26 |
| Fact Discovery cutoff | 8/28/26 |
| Expert disclosures | 9/25/26 |
| Rebuttal expert disclosure | 10/16/26 |
| Expert discovery cutoff | 11/20/26 |
| Dispositive motion cutoff | 12/18/26 |

### V.     Trial

The parties request a trial by jury, and they estimate trial will require 15 trial days.

The parties propose the Final Pretrial Conference be scheduled to take place three months before trial.

The parties propose trial in the fall of 2027.

### VI.    Settlement efforts

No efforts have been made to settle or resolve the case to date.

The parties discussed recommended settlement procedure under Local Rule 16-15.4, and they agreed that the preferable alternatives for exploring settlement are (not in order) (1) a settlement conference before the magistrate judge assigned to this case, or (2) the appearance before an attorney selected from the Attorney Settlement Officer Panel. The parties are also open to considering a private mediator if they come to believe further settlement discussions would be fruitful after unsuccessful sessions with the magistrate judge and/or panel attorney.

The parties have agreed to continue conferring to determine if they can agree upon a panel attorney to serve as a mediator.

## VII. Other issues

Under Federal Rule of Civil Procedure 5(b)(2), the parties consent to electronic service of all documents in this case.

The parties agree to conduct depositions remotely via videoconference if the party noticing the deposition schedules the deposition to occur remotely. This agreement does not prevent any party representing a witness from accompanying their client in-person at a deposition.

Dated: March 10, 2025         Respectfully submitted,

**LOEVY & LOEVY**

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**

By: /s/ *Alison R. Leff*
    Alison R. Leff
    Attorney for Plaintiff Gerardo Cabanillas

**NATHAN & KAMIONSKI LLP**

By: /s/ *Brian Wilson*
    Brian Wilson
    Attorney for Defendant City of South Gate

**CARPENTER, ROTHANS & DUMONT LLP**

By: /s/ *Kimberly Sarmiento*
    Kimberly Sarmiento
    Attorney for Defendants Lee Jack Alirez, Jonathan Sekiya, Gregory Wells, and Martin Vanlierop

**ARACELI ALMAZAN, ESQ.**

By: /s/ *Roger Colvin*
    Roger Colvin
    Attorney for Defendants City of Huntington Park,
    Cosme Lozano, John Navarrette, and Anthony Porter

### Local Rule 5-4.3.4(a)(2)(i) Statement

Under Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Alison R. Leff
Attorney for Plaintiff Gerardo Cabanillas